IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREDDIE LEE WALLACE, | § § | |
| Petitioner, | § § | CIVIL ACTION NO. H-17-3119 |
| v. | § § | |
| LORIE DAVIS, | § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Freddie Lee Wallace, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his 2006 conviction and life sentence for aggravated sexual assault. Respondent Lorie Davis filed a motion for summary judgment based on expiration of limitations (Docket Entry No. 16), to which petitioner filed a response (Docket Entry No. 17).

Having considered the motion for summary judgment, the response, the record, the summary judgment evidence, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this lawsuit as barred by limitations.

**I. BACKGROUND AND CLAIMS**

Petitioner was convicted of aggravated sexual assault in Brazos County, Texas and sentenced to life imprisonment in July 2006. The conviction was affirmed on appeal, and discretionary review was refused in February 2010. *Wallace v. State*, 2009

WL 2397319 (Tex. App. – Waco 2009, pet. ref'd). Petitioner's governing applications for state habeas relief were denied in March and July 2012.

The instant federal habeas petition was filed no earlier than October 10, 2017. Petitioner claims that his conviction is void and enforceable, and that he was compelled to testify against himself after pleading guilty. Respondent contends that this petition is untimely and barred by limitations. Petitioner counters that limitations does not bar habeas challenges to void criminal convictions.

## II. ANALYSIS

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)–(2).

Petitioner was convicted and sentenced in July 2006 in Brazos County, Texas. The conviction was affirmed on appeal, and discretionary review was refused in February 2010. Petitioner did not pursue a writ of certiorari in the Supreme Court. Thus, his conviction became final for purposes of AEDPA in May 2010, and the one-year limitation expired in May 2011.

The record shows that petitioner's first, second, and third state habeas applications were filed prior to finality of his conviction under AEDPA and had no effect on limitations. His fourth and fifth state habeas applications, however, tolled limitations for 582 and 78 days, respectively. As a result, petitioner's federal habeas petition was due no later than February 22, 2013. Petitioner's sixth state habeas application, filed on July 31, 2017, was filed after expiration of limitations and had no tolling effect. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Consequently, the instant federal petition is untimely by over four and one-half years.

Petitioner argues in his response that his conviction is void because the state trial court lacked jurisdiction, and that a void conviction can be challenged at any time. (Docket Entry No. 17.) He contends that the state trial court lacked jurisdiction because the indictment and criminal judgment reference two different state district courts. Petitioner presents no applicable legal authority establishing that a discrepancy of this nature deprived the state trial court of jurisdiction to enter judgment against him. To the contrary, petitioner's underlying argument has been soundly rejected by Texas courts. *See Aguillon v. State*, 2017 WL 3045797 (Tex. App. – Houston [14th Dist.] 2017, pet. ref'd), and the cases cited therein.

Even assuming the conviction were void, this Court and others have held that a federal habeas petitioner cannot evade the statute of limitations by the simple expedient of arguing that his conviction or sentence is void. *See Sherman v. Thaler*, C.A. No. H–09–1409, 2010 WL 1994348, at *2 (S.D. Tex. May 17, 2010) (explaining that while a claim that a conviction is void may provide a basis for habeas relief if proven, it provides no basis for statutory or equitable tolling of limitations); *Randall v. Director*, C.A. No. 2:07–CV–0204, 2008 WL 2128231, at *2 (E.D. Tex. May 16, 2008) (holding a petitioner cannot "evade the effect of the statute of limitations by the simple expedient of arguing that his conviction is void"); *Willis v. Dretke*, C.A. No. 3:03–CV–1284–G, 2005 WL 39053, at *3 (N.D. Tex. Jan. 6, 2005) (holding a petitioner is not entitled to equitable tolling of AEDPA limitations based on argument that trial court lacked jurisdiction).

Petitioner's federal habeas petition is barred by limitations, and respondent is entitled to summary judgment dismissal of this lawsuit.

## III. CONCLUSION

The motion for summary judgment (Docket Entry No. 16) is **GRANTED** and this habeas case is **DISMISSED WITH PREJUDICE** as barred by limitations. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 23rd day of April, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE