IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FREDDIE LEE WALLACE, § § *Petitioner,* § § v. § § LORIE DAVIS, § § *Respondent.* § | CIVIL ACTION NO. H-17-3119 |

# ORDER

Pending before the Court are petitioner's two *pro se* motions, "Motion Request to for [*sic*] the Permission to Proceed in This Court on an Derit [*sic*] Appeal From a Judgment" (the "First Motion") (Docket Entry No. 20), and "Motion of Out of Time Appeal Memorandum of Law" (the "Second Motion") (Docket Entry No. 21).

The Court has exercised every reasonable effort to understand petitioner's two motions, but it is unable to determine the precise nature of the relief being requested. The Court dismissed petitioner's habeas petition as barred by limitations on April 23, 2018. Petitioner filed the pending motions no earlier than June 4, 2018, and they were docketed on June 12, 2018. Petitioner does not state that he served copies of the motions on counsel for respondent.

The Clerk of Court docketed the First Motion as a notice of appeal. Rule 3(c)(1) of the Federal Rules of Appellate Procedure require that a notice of appeal specify the party appealing, designate the order or judgment being appealed, and name the court to which the appeal is taken. The Court notes that petitioner is the appealing party, and will

presume that he is appealing this Court's dismissal of his habeas petition. However, the Court cannot presume that petitioner intended to appeal to the Fifth Circuit Court of Appeals, as no reference is made to that court. To the contrary, petitioner appears to argue that this Court should reinstate his habeas claims and rule on their merits either *de novo* or as a direct appeal. Nevertheless, given a liberal construction, petitioner's motion can be seen as requesting an appeal of his habeas proceedings to the next higher court.

In his Second Motion, petitioner appears to ask this Court to hold his federal habeas petition timely filed and to review the state court proceedings on a *de novo* or direct appeal basis. As before, no mention is made of an appeal to the Fifth Circuit Court of Appeals, and no request and supporting facts for an extension of time to file an appeal to that court are presented. However, a liberal construction of the motion would again suggest that petitioner is seeking an appeal of his claims to the next higher court.

Consequently, it is entirely unclear whether petitioner intended these two motions to constitute a motion for new trial and memorandum of law, or an actual notice of appeal to the Fifth Circuit Court of Appeals with a request to hold the notice timely filed. In the interests of justice and fairness, the Court will construe petitioner's First Motion as a notice of appeal to the Fifth Circuit Court of Appeals (Docket Entry No. 20), and his Second Motion as a request that his notice of appeal be held timely filed (Docket Entry No. 21). In light of the current record in this case, petitioner's notice of appeal is untimely, and he presents no factual allegations warranting relief under Rules 4(a)(5)(A) or (a)(6) of the Federal Rules of Appellate Procedure.

For these reasons, the Court **ORDERS** as follows:

(1) Petitioner's First Motion (Docket Entry No. 20) is **DEEMED** a notice of appeal to the Fifth Circuit Court of Appeals, appealing the Court's order and judgment of April 23, 2018.

(2) Petitioner's Second Motion (Docket Entry No. 21) is **DEEMED** a request to hold the notice of appeal timely filed.

(3) Petitioner is **ORDERED TO SHOW CAUSE**, by written response filed within twenty-one days from date of this order, why his notice of appeal should be deemed timely filed pursuant to Rules 4(a)(5)(A) or (a)(6) of the Federal Rules of Appellate Procedure.

(4) If petitioner did not intend to file a notice of appeal to the Fifth Circuit Court of Appeals in this case, he must advise this Court in writing within fifteen days from date of this order.

(5) To any extent petitioner's motions were intended as a motion for new trial under Rule 59 of the Federal Rules of Civil Procedure, the motion is **DENIED** as untimely.

(6) To any extent petitioner's motions were intended as a motion for relief under Rule 60 of the Federal Rules of Civil Procedure, the motion is **DENIED** for the reasons set forth in the Court's dismissal order of April 23, 2018.

Signed at Houston, Texas, on this the ___ day of June, 2018.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE